IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON A. DANDY,
On behalf of herself and all others
similarly situated,

            Plaintiff,

    vs.                                       CIVIL NO.  08-1027 JCH/GBW

WILMINGTON FINANCE, INC.,

            Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court on the Plaintiff's Motion to Compel, filed on June 19, 2009.  *Doc. 41.*  Briefing on the matter was completed on July 17, 2009.  *Doc. 47.* After a continuance upon request of the parties, a hearing on the matter was held on August 17, 2009.  At the hearing, the Court ordered supplemental briefing on certain matters.  That briefing was completed on August 31, 2009.  The Court concludes that no further evidentiary hearing or oral argument is necessary.

Plaintiff moved to compel responses/production to the following discovery requests: Interrogatories Nos. 3, 7, 10, 11 and 19; Requests for Production Nos. 2, 3, 5, 16 and 18; Requests for Admission Nos. 20 and 39.

After reviewing the pleadings, including the supplemental briefing, and hearing arguments of counsel, the Court rules as follows:

<u>Interrogatory No. 3 & Request for Production No. 5:</u>

While much of the discussion at the hearing and in the supplemental briefing focused on the privacy concerns and burden associated with the production of the loan files of WFI borrowers, the discovery request at issue does not directly request those loan files. Interrogatory No. 3 asks Defendant to "state the number of New Mexico Mortgage Loans where a prepayment penalty has been paid and, for each, identify the loan by the borrower(s) names(s) and the date and dollar amount of the prepayment penalty paid." Request for Production No. 5 seeks "all documents of any nature that support [the] answer to Interrogatory No. 3."

Defendant WFI explained in both its Response to the Motion to Compel and at the hearing that the "subject loans were all sold to third parties almost immediately after origination." *Doc. 59* at 3. Consequently, Defendant WFI avers that "it does not have information in its possession, custody or control about the payment (or lack thereof) of a prepayment penalty on any of them. *Id.*

Under Fed. R. Civ. P. Rule 33, a party must provide full answers to interrogatories based upon the "information within that party's knowledge and control." *American Intern. Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D.Ill. 2007). Only in limited circumstances, such as where the information is in the possession of a party's family members, is the party required to make efforts to obtain information within the knowledge and possession of others. *Id.* Similarly, under Fed. R. Civ. P. Rule 34, a party must only

produce "items in [that] party's possession, custody and control."

Because the loans subject to these two discovery requests were sold long before any prepayment penalty would have been paid (if paid at all), the information and documentation responsive to Interrogatory No. 3 and Request for Production No. 5 is not in the possession, custody or control of Defendant WFI.  Consequently, the Motion to Compel with respect to these two discovery requests will be denied.

Interrogatory No. 7:

In this request, Plaintiff asks Defendant to "describe the nature of all WFI's activities in New Mexico from July 1, 2003, until the present, where the activities related to home mortgage loans."  *Doc. 41* at 11.  In Defendant's Response and at the hearing, Defendant argued that the phrasing of the question is overbroad and unduly vague.  *Doc. 45* at 8-9. The Court is convinced that, in the context of this case, this request is indeed overbroad and unduly vague.  Therefore, Plaintiff's Motion to Compel as to Interrogatory No. 7 is denied. Plaintiff is encouraged to submit an amended interrogatory with substantive limitations on the term "activities."

Interrogatory No. 10:

In this request, Plaintiff asks Defendant to "describe the circumstances in which no [prepayment penalty] provision would be included in a loan."  Among other objections, Defendant contends that this request is irrelevant.  *Doc. 45* at 10-11.

The potential relevance of the disputed requests arise from one of three sources:

3

(1) information which supports or undermines Plaintiff's argument that WFI was the nominal lender; (2) information which supports or undermines Plaintiff's argument that, even if AIG FSB was the nominal lender on the subject loans, WFI was the *de facto* lender; and (3) information which supports or undermines Defendant's possible argument that it was acting as the exclusive agent of AIG FSB.

The information requested in Interrogatory 10 is irrelevant to these issues.  The key question is not why certain loans would include a prepayment penalty, but who was making the decision about whether to include the provision.  To the extent that an answer to the Interrogatory No. 10 might lead to admissible evidence, the effort of collecting every circumstance which conceivably could have had a bearing on this decision would be unduly burdensome given the small chance of the discovery of admissible evidence based on this interrogatory.  Therefore, Plaintiff's Motion to Compel as to Interrogatory No. 10 is denied.  Plaintiff is encouraged to submit an amended interrogatory that focuses on the issues described above or some other relevant issue.

Interrogatory No. 11:

This interrogatory requests, if the name on subject loan documents is not Wilmington Finance, a division of AIG Federal Savings Bank, (1) the precise name on subject loan documents; (2) whether the subject loan contained a prepayment penalty; (3) the identity and role of other entities involved in the origination, underwriting or funding of the loan; (4) the number of such loans for each year; and (5) a description of the

4

circumstances under which such loans were made.

The first issue that must be dealt with is whether these requests are discrete subparts which must be counted separately toward the discovery limit of 25 interrogatories. *See Fed. R. Civ. P. 33.* Subparts directed at eliciting details concerning a "common theme" should generally be considered a single question. *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 664-65 (D. Kan. 2004) On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory. *Id.* It appears that the first four parts of the question are directed at a "common theme" – the objective facts about the use of other entities or names in the subject loan documentation. Part 5, as divided above, goes beyond that theme by asking about the much broader and subjective issue of motivation. Consequently, the Court finds that the first four parts, as divided above, are one interrogatory for the purposes of the discovery limits and part 5 is a second interrogatory.

The next issue is relevance. Based on the three issues highlighted earlier, the Court finds that the request in parts 1-4 is relevant to the issue of which entity was the *de facto* lender. This relevance, however, extends only to loans that were extended during the life of the relationship between AIG FSB and WFI. The request in part 5, however, does not appear relevant. It requests a description of the circumstances under which of "such" loans were made. "Such" loans are those "where, as shown on the loan documents, the lender is listed as other than 'Wilmington Finance, a division of AIG Federal Savings Bank' or

'Wilmington Finance, a division of AIG FSB.'  The universe of loans is not limited to loans

with or without prepayment penalties.  Whereas, on the *de facto* lender issue, it is relevant

that WFI may have been using different names, the "circumstances" of those loans is not

relevant.  Moreover, to the extent that an answer to the part 5 of Interrogatory No. 11 might

lead to admissible evidence, the effort of describing the "circumstances under which [all

of these] loans were made" would be unduly burdensome given the small chance of the

discovery of admissible evidence based on this part of the interrogatory.  Finally, the Court

finds part 5 of Interrogatory 11 to be unduly vague and overbroad given the sheer scale of

facts which might constitute "circumstances under which [all of these] loans were made."

Therefore, Plaintiff's Motion to Compel as to Interrogatory No. 11 is granted as to

parts 1-4,[1] as divided above, on loans extended prior to the termination of the AIG FSB/WFI

relationship[2] and denied as to part 5.

---

[1]  Defendants contend that, with the respect to the request for the "role" of third
parties involved in these loans, "only [the] third part[y] ha[s] knowledge of all the activities
that they performed."  *Doc. 45* at 12.  As discussed above, a party responding to an
interrogatory need only provide information in their knowledge and control.  As noted by
Plaintiff, WFI must have some knowledge about the roles of the other entities in these
transactions.  They need not make efforts to obtain information **only** within the knowledge
and possession of others.  However, as with all the discovery requests, WFI is obligated to
investigate all documentation or other sources that are in its possession to accurately
answer this part of the interrogatory.

[2]  Interrogatory No. 11, through the definition section, is limited to loans extended
beginning on July 1, 2003 but contains no end date.  Defendant WFI indicated at the
hearing that its relationship with AIG FSB ended sometime in 2006.  Defendant WFI
indicated that it would provide the Court with the date the relationship was terminated,
but has not done so in its supplemental briefing.  The Court is confident that there is no

Interrogatory 19, Request for Production No. 18 & Request for Production No. 16:

Interrogatory 19 asks Defendant to provide the reasons for the termination of its relationship with AIG FSB and to identify documentation related to this termination. Request for Production No. 18 demands all documents relating to the termination of the agreement between AIG FSB and WFI.  Request for Production No. 16 demands all documents related to the Office of Thrift Supervision (OTS) investigation that resulted in a Supervisory Agreement.  Plaintiff believes that the AIG FSB relationship was terminated after an OTS investigation revealed that WFI was acting outside the limits of the agreement between AIG FSB and WFI.  Defendant does not dispute the temporal proximity of the investigation and the termination of the relationship.  As explained above and at the hearing, the Court finds that agency issues are at the heart of the contested issues in this lawsuit.  Consequently, this line of discovery is very relevant.  Plaintiff has agreed to receive such discovery pursuant to a protective order.  *Doc. 58* at 4.  Parties are ordered to meet and confer, and submit a proposed protective order within 14 days of the date of this order.  If parties cannot agree, they shall both present proposed orders by that date.

Plaintiff's Motion to Compel as to Interrogatory No. 19, Request for Production No. 18 and Request for Production No. 16 is granted,[3] but Plaintiff is ordered to maintain and

---

genuine dispute as to this date.  If a genuine dispute does exist, the Court will, at the request of the parties, conduct a hearing and make a finding as to the precise date.

[3] Defendant may delay its responses until the Protective Order is filed.

use the information only as provided in the Protective Order to be filed later.

Request for Production No. 2:

Defendant has withdrawn its objections and agreed to provide the documents sought in this request.  Consequently, Plaintiff's Motion to Compel as to Request for Production No. 2 is denied as moot.

Request for Production No. 3:

Request for Production No. 3 seeks Defendant's policies and procedures "related to marketing, originating, administering, underwriting, pricing, closing or performing any other activity related to New Mexico Home Mortgage Loans."  Policies that bear on significant lender activities are relevant to the issue of which entity was the *de facto* lender on the loans handled in the context of the WFI and AIG FSB relationship.

Therefore, Plaintiff's Motion to Compel as to Request for Production No. 3 is granted as to policies and procedures "related to marketing, originating, administering, underwriting, pricing, [and] closing ... New Mexico Home Mortgage Loans" on loans extended prior to the termination of the AIG FSB/WFI relationship.[4]  Plaintiff's Motion to Compel as to Request for Production No. 3 is denied as to policies and procedures

---

[4] Request for Production No. 3, through the definition section, is limited to loans extended beginning on July 1, 2003 but contains no end date.  Defendant WFI indicated at the hearing that its relationship with AIG FSB ended sometime in 2006.  Defendant WFI indicated that it would provide the Court with the date the relationship was terminated, but has not done so in its supplemental briefing.  The Court is confident that there is no genuine dispute as to this date.  If a genuine dispute does exist, the Court will, at the request of the parties, conduct a hearing and make a finding as to the precise date.

"performing any other activity related to New Mexico Home Mortgage Loans" as that part of the request is overbroad and unduly vague. Plaintiff's Motion to Compel as to Request for Production No. 3 is denied as to policies and procedures relating to loans extended outside the time period of the AIG FSB / WFI relationship.

Requests for Admission No. 20 & 39:

Requests for admissions should be direct, simple and limited to singular relevant facts so that the matter asserted can be admitted or denied without explanation. *See Herrera v. Scully*, 143 F.R.D. 545, 546 (S.D.N.Y. 1992). As discussed at the hearing, the questions in these two discovery request do not meet that description. Therefore, Plaintiff's Motion to Compel as to Request for Admissions No. 20 and No. 39 is denied. Plaintiff is encouraged to submit amended requests for admission that utilize well-known industry terms of art or terms which are well-defined in the requests.

IT IS HEREBY ORDERED that Defendant's Motion to Compel is granted in part and denied in part as described above. With the exception of items to be disclosed subject to a protective order, responses that have been compelled in this Order shall be served on the Plaintiff within 21 days of the date of this Order.

_____
Gregory B. Wormuth
United States Magistrate Judge

9