IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON A. DANDY,
On behalf of herself and all others
similarly situated,

        Plaintiff,

vs.                                                      CIVIL NO.  08-1027 JCH/GBW

WILMINGTON FINANCE, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court as a consequence of the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel. *Doc. 76.* In that Order, the Court ordered the discovery of some material which the Plaintiff had agreed to receive subject to a protective order. *Id.* at 7; *see Doc. 58* at 4. Accordingly, the parties were "ordered to meet and confer, and submit a proposed protective order within 14 days of the date of [that] Order." *Id.* If the parties were unable to agree, they were directed to present independent proposed orders. *Id*.

Unfortunately, the Court was informed that the parties were not able to reach an agreement on a proposed protective order. While the parties reached agreement on eighteen of nineteen paragraphs of the proposed protective order, they were unable to do so for one section of one paragraph. The Defendant requests that the order include the

following language:

> 14. <u>Litigation Use Only</u>. All "CONFIDENTIAL INFORMATION" and "CONFIDENTIAL" documents shall be utilized only for the purposes of this Litigation and for no other purpose. No "CONFIDENTIAL INFORMATION," or any information derived therefrom in any respect, may be used in connection with any other present or future litigation, matter, or proceeding. In addition, in order to ensure borrower privacy and confidentiality at the pre-certification stage of the lawsuit, Plaintiff shall not, absent prior order of this Court, use any "CONFIDENTIAL INFORMATION" to communicate or attempt to communicate with putative or potential putative class members in this litigation, and/or to discover or attempt to discover the identification of or personal information about current or future borrowers whose loans were serviced by Defendant, unless and until such time as a class is certified in this litigation. Nothing in this Order shall be deemed to restrict Plaintiff or her counsel's ability (a) to communicate with or advise individuals who have independently initiated communications with her counsel and/or (b) seek an order of the Court modifying the provisions of this paragraph.

Plaintiff objects to all portions of this paragraph after the second sentence. In short, Defendant seeks to restrict Plaintiff and her counsel from initiating communication with any potential class members prior to the class being certified. Defendant strongly opposes such a restriction.

Analysis of a dispute over the limitation of precertification communication must start with the Supreme Court's decision in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). In *Gulf Oil*, the district court issued an order "impos[ing] a complete ban on all communications concerning the class action between parties or their counsel and any actual or potential class member who was not a formal party, without the prior approval of the court." *Id.* at

94-95. The district court specifically rejected the plaintiffs' proposed notice urging class members to talk to a lawyer before accepting Gulf Oil's settlement offer and signing an accompanying release. *Id.* at 96-97. The Court ruled that the district court's order was improper. *Id.* at 91. The Court ruled that the order interfered with the right to notify potential class members about the action and with the class representatives' ability to develop the case before certification. *Id.* at 101. The Court upheld the right jointly enjoyed by plaintiffs and their attorneys to full communication with putative class members about the pending litigation. *Id.* at 104.

Furthermore, to the extent that a district court has the authority to limit certain communications in order to prevent frustration of the policies embodied in the class action rules, the Court stated that a district court "may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened." *Id*. at 102 (*quoting Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977)). The Court further noted that any restrictive order should be drawn so as to limit speech as little as possible and should clearly identify the abuses being addressed. *Id.*

Courts applying *Gulf Oil* have generally concluded that parties attempting to restrict another party's communication with putative class members must present evidence of actual or threatened abusive practices by the party sought to be restrained. *See, e.g., O'Brien v. Morse*, 2002 WL 1290392, at *2 (N.D. Ill. June 11, 2002); *Payne v. Goodyear Tire &*

*Rubber Co.*, 207 F.R.D. 16, 20 (D. Mass. 2002); *Lee v. Am. Airlines, Inc.*, 2002 WL 226347, at *2 (N.D. Tex. Feb. 12, 2002); *Basco v. Wal-Mart Stores*, Inc., 2002 WL 272384, at *3 (E.D. La. Feb. 5, 2002); *Hammond v. City of Junction City*, 2002 WL 169370, at *3 (D. Kan. Jan. 23, 2002); *Bublitz v. E.I. duPont de Nemours & Co.*, 196 F.R.D. 545, 547 (S.D. Iowa 2000); *Jenifer v. Del. Solid Waste Auth.*, 1999 WL 117762, at *4 (D. Del. Feb 25, 1999); *Burrell v. Crown Cent. Petroleum, Inc.*, 176 F.R.D. 239, 244 (E.D. Tex. 1997); *Hoffman v. United Telecomms., Inc.*, 111 F.R.D. 332, 336 (D. Kan. 1986). "Abusive practices" which have supported orders limiting communications with putative class members include communications which are coercive, false or misleading. *See* <u>Precertification Discovery: A User's Guide</u>, 80 Tul. L. Rev. 1827, 1848 n. 135-37 (June 2006) (listing cases).

In the instant case, Defendant has provided no evidence of actual or threatened abusive practices by Plaintiff. Plaintiff has only raised the generalized concern that its borrowers have substantial privacy interests in their financial affairs. *Doc. 59* at 6-7. As an initial matter, the court notes that the Plaintiff raised these privacy concerns in the context of disclosure of loan files in response to Interrogatory No. 3 and Request for Production No. 5. *See Doc. 59*. Given that the Court denied the Motion to Compel on those two discovery requests, it would appear that the expressed concern is now moot. Assuming that some other discovery materials would allow Plaintiff to identify and communicate with putative class members, mere communication would not be an "abusive practice"

justifying the limitation requested by Defendant.

Consequently, the Court will not include the disputed language in its Protective Order.  Of course, the omission of this language does not limit any applicable ethical restrictions on counsel regarding solicitation of legal business.  *See, e.g. N.M.R.A. Rule 16-703.*

_____
GREGORY B. WORMUTH
United States Magistrate Judge