IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON A. DANDY,
On behalf of herself and all others
similarly situated,

     Plaintiff,

 vs.           CIVIL NO.  08-1027 JCH/GBW

WILMINGTON FINANCE, INC.,

     Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OF DISCOVERY ORDER

THIS MATTER came before the Court on the Defendant's Motion for Partial Reconsideration of Discovery Order, filed on October 6, 2009. *Doc. 69.* Briefing on the matter, including Plaintiff's Response and Defendant's Reply, was completed on December 1, 2009. *Doc. 80, 109, 110.* The court has also reviewed the November 11, 2009, letter from Plaintiff's counsel which limits the disputed discovery request.

### Boundaries of the Dispute

On September 22, 2009, the Court entered an Order Granting in Part and Denying in Part Plaintiff's [First][1] Motion to Compel. *Doc. 66.* Defendant seeks reconsideration of the rulings in that Order compelling discovery in response to three related discovery

---

[1] At the time of its filing, no other motions to compel had been filed. Unfortunately, two more such motions have since been filed. *See Doc. 63, 117.*

requests:  Interrogatory 19, Request for Production No. 18 & Request for Production No. 16.  Interrogatory 19 asks Defendant to provide the reasons for the termination of its relationship with AIG FSB and to identify documentation related to this termination.  Request for Production No. 18 demands all documents relating to the termination of the agreement between AIG FSB and WFI.  Request for Production No. 16 demands all documents related to the Office of Thrift Supervision (OTS) investigation that resulted in a Supervisory Agreement.

At the direction of the Court, the parties conferred regarding this discovery dispute. As a result, Plaintiff has agreed that, to the extent that an expansive interpretation of the language of the requests would include the following categories of documents/information, these categories are no longer sought:

(1)  Post-June 2007 documents concerning the implementation of the Financial Remediation Plan required under the Supervisory Agreement ("FRP").

(2)  Post-June 2007 quarterly reports to OTS concerning the implementation of the FRP.

(3)  Post-June 2007 communications and other documents concerning the FRP.

(4)  Post-June 2007 communications and other documents concerning the mechanism to resolve consumer complaints required under the Supervisory Agreement.

(5)  Post-June 2007 progress reports of the Compliance Committee required under the Supervisory Agreements concerning actions undertaken to comply with its provisions and the results of those actions.

(6)  Post-June 2007 loan-level records concerning implementation of the FRP.

(7)  Post-May 2006 advertising and marketing materials.

(8) Post-May 2006 documents concerning the development of procedures for the implementation of the FRP.

(9)  Post-May 2006 documents concerning resource development for the implementation of the FRP.

(10)  Confidential borrower loan files and records requested by OTS as part of its examination relating to loans made by AIG Federal Savings Bank ("the Bank") outside of New Mexico.

(11) Complete copies of confidential borrower loan files and records requested by OTS as part of its examination relating to loans declined by the Bank. However, Plaintiff contends that this category of documents would include internal WFI documents that bear on the reasons for the credit denials as well as a single document for each denied loan that provides the borrower with the stated reason for the credit denial.  Plaintiff does not agree to exclude such documents from its discovery request but agrees to receive them with borrower identifying information redacted.

(12) Exemplars of all state-specific forms of mortgages and deeds of trust used in connection with loans made by the Bank.

(13)  Communications with OTS negotiating the terms of the Supervisory Agreement to the extent that the communications do not concern the findings contained in the "whereas" paragraphs[2] of the Supervisory Agreement.

(14) Communications between and among WFI business personnel and WFI's in-house and outside counsel seeking and reflecting legal advice concerning the OTS examination, the resolution of the request for remedial action, the terms of Supervisory Agreement, and negotiation strategy with respect to the Supervisory Agreement.

(15) Documents prepared at the direction of WFI's in-house and outside counsel in anticipation of potential litigation resulting from the OTS request for

---

[2]  Plaintiff also agrees that, if the communication concerns only the first or eighth "whereas" paragraph, she does not seek that communication.

remedial action and resulting examination, including documents reflecting WFI's internal investigation of the subjects of the OTS examination.

(16)  Confidential records relating to loans made to borrowers by the Bank outside of New Mexico, including loan documents and other records containing the personal and financial information of such borrowers.

(17)  Confidential records relating to loans applied for but declined by the Bank, including loan documents and other records containing the personal and financial information of declined loan applicants.

Therefore, the Court will begin by amending its Order compelling discovery in response to the three discovery requests at issue in the Motion to Reconsider to exclude the categories of documents/information listed above.

<u>**Analysis of Defendant's Arguments**</u>

Despite the stipulated exclusion of these categories from the discovery requests, Defendant maintains that the Court should reconsider its ruling compelling disclosure of the remaining documents/information which would be responsive to the requests. Defendant makes a number of arguments in support of a reconsideration of this ruling: (1) the relevance rationale espoused in the Order does not cover all the information and documents which must be disclosed under the Order; (2) the disclosure in response to these discovery requests should be limited in time; (3) the discovery requests are not sufficiently specific; and (4) the basis for the relevancy finding does not support the conclusion that the requests are relevant.  While these arguments overlap, they will be discussed separately.

<u>Scope of Relevance</u>

The basis of this argument is Defendant's understanding that the requested information and documents are relevant only to the "single issue of whether WFI 'was acting as the exclusive agent of AIG FSB' prior to the termination of AIG FSB/WFI relationship." *Doc. 69* at 7 (*citing Doc. 66*). Defendant's conclusion is based on the language in the Order explaining that the requests were relevant to "agency issues." *Id.* This conclusion is incorrect. When the Court referenced "agency issues," it was referring to all three arguments which implicate agency law. As laid out in the Order, "[t]he potential relevance of the disputed requests arise from one of three sources: (1) information which supports or undermines Plaintiff's argument that WFI was the nominal lender; (2) information which supports or undermines Plaintiff's argument that, even if AIG FSB was the nominal lender on the subject loans, WFI was the *de facto* lender; and (3) information which supports or undermines Defendant's possible argument that it was acting as the exclusive agent of AIG FSB." *Doc. 66* at 3-4.

Therefore, Defendant's argument on this point is based on a flawed premise. The Court remains convinced that the documents and information at issue here (discovery about the OTS investigation and termination of the relationship between AIG FSB and WFI) are relevant particularly to categories #1 and #2 described above. Consequently, the Court

concludes that this argument provides no basis to further amend its earlier ruling.[3]

<u>Temporal Limitation</u>

Defendant next argues that the discoverable documents and information should be limited to events which occurred before the termination of the relationship between AIG FSB and WFI.  This argument is a subset of the broader relevance argument, but it is useful to deal with it separately.  As Defendant notes, the Court's Order limited the disclosure of other disputed requests in just such a fashion.  *See Doc. 66* at 6-9 (limited Interrogatory 11 and Request for Production 3 to pre-termination time period).  Where the Court limited those disclosures, it was based upon the conclusion that, with those particular requests, items post-dating the termination would not be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. Pro. 26(b)(2).  For example, one of the limited requests, Request for Production No. 3, sought copies of the Defendant's policies and procedures.  Obviously, a policy in effect outside the relevant time period will not be useful in discovering evidence about the agency relationship during the relevant time period.

The discovery requests at issue in the Motion to Reconsider (which are focused on the OTS investigation and the termination of the relationship with AIG FSB) are materially

---

[3]  In the corresponding section of its Motion, Defendant specifically points to two groups of documents (documents concerning post-termination events and implementation of the Supervisory Agreement) as items that are not relevant.  The arguments on these items focus instead on the temporal issue and therefore will be dealt with in the next section.

different from the discovery requests that the Court limited to the pre-termination time period. These requests are seeking documents which, though they may have been created after the relationship with AIG FSB ended, by their nature related back to facts and circumstances surrounding the relationship.

"[B]ased on the exercise of its regulatory responsibilities, [OTS] determined that [AIG FSB] failed to manage and control the mortgage lending activities outsourced to WFI in a safe and sound manner." *Doc. 69*, Attachment 2, Ex. A. So, at least in part, the OTS investigation revolved around facts related to AIG FSB's management and control of WFI. Because the OTS investigation was significantly focused on these facts, and because these facts are directly relevant to the question of whether WFI was an agent of AIG FSB or was the *de facto* lender, even an OTS document created after the execution of the Supervisory Agreement could lead to the discovery of admissible evidence. For example, post-Supervisory Agreement communications about the implementation of the Agreement would serve to provide context for problems discovered by OTS such as AIG FSB's failure to properly manage WFI.

Similarly, the requests that are focused on the termination of the relationship between AIG FSB and WFI are reasonably calculated to discover facts about the nature of the relationship. Documents that "relate to" the termination, even if created after the termination date, would satisfy the Rule 26 standard.

Consequently, the Court concludes that this argument provides no basis to further

amend its earlier ruling.

Insufficient Particularity

Defendant next argues that the Court's Order inconsistently applied the particularity requirement of Rule 34 because the Court rejected some of Plaintiff's requests on this basis, but did not reject other similar requests.  "Particularity of designation, however, like so many other things in life and law, is a matter of degree, dependent upon a pragmatic consideration of the circumstances in each case."  8B Charles Alan Wright, et al., Federal Practice and Procedure § 2211 (West Group 4th ed. 2009).  "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.'  Therefore, the party requesting the production of documents must provide 'sufficient information to enable [the party to whom the request is directed] to identify responsive documents.'"  *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D.W.Va. 2000).  In addition, the request must give enough information to enable a court to rule intelligently on objections.  *See In re IBM Peripheral EDP Devices Antitrust Litigation*, 77 F.R.D. 39, 42 (D.C. Cal. 1977).

Having reviewed the language of the requests at issue in the Motion to Reconsider, the Court again concludes that, in the context of this case and with the subsequent limitations to the requests, the requests contain reasonable particularity.  With respect to Defendant's argument that the requests are overbroad, the Court is convinced that any overbreadth issue has been cured by the subsequent limitations on the requests to which

Plaintiff has agreed.  Consequently, the Court concludes that this argument provides no basis to further amend its earlier ruling.

Relevance Redux

Defendant's final argument is similar to its first in that it is based on a flawed premise.  Defendant argues that the OTS investigation and its "determination of whether or not AIG FSB properly managed and controlled the activities outsourced to WFI does not speak to whether WFI performed those activities as AIG FSB's exclusive agent." *Doc. 69* at 12.  As described above, the Court considered the OTS investigation relevant, not necessarily to the exclusive agency issue, but to whether WFI was the *de facto* lender.  The OTS in their investigation "determined that [AIG FSB] failed to manage and control the mortgage lending activities outsourced to WFI in a safe and sound manner." *Doc. 69*, Attachment 2, Ex. A.  Defendant argue that this finding speaks only to the actions of AIG FSB and not WFI. *Doc. 69* at 12.  However, its argument ignores the common sense reality that, if AIG FSB failed to manage WFI's activities, then WFI was acting more or less independently.  This independence could support Plaintiff's argument that WFI was the *de facto* lender.  Consequently, the Court concludes that this argument provides no basis to further amend its earlier ruling.

Claims of Privilege

Defendant also seeks confirmation that the Order does not overrule any potential claims of privilege, and the Court hereby gives that confirmation.  If necessary, privilege

disputes will be addressed when Defendant has produced an appropriate privilege log and Plaintiff has had the opportunity present her waiver argument.

IT IS HEREBY ORDERED that Defendant's Motion for Partial Reconsideration of Discovery Order is denied as described above.  Notwithstanding the filing of its Provisional Objections to the Discovery Order (Doc. 68), if Defendant seeks to appeal the original Order (Doc. 66) and/or this Order Denying the Motion for Partial Reconsideration, Defendant must file Objections within the 14 days of the filing of this Order pursuant to Fed. R. Civ. P. 72(a).

_____
Gregory B. Wormuth
United States Magistrate Judge